## ALBERT W. READ *vs.* LOUIS W. DUNN.

### JULY 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Death by Wrongful Act.   Trespass.   Poor Debtor's Oath.*

Gen. Laws 1923, cap. 377, sec. 1, provides that "any person who shall be imprisoned for debt whether on original writ, mesne process or execution . . . may request to be admitted to take the poor debtor's oath".

Cap. 377, sec. 10, provides that a person committed on execution in certain specified actions including "any trespass" except trespass and ejectment and trespass *quare clausum fregit* in which title to the close was in dispute shall not be entitled to apply to take the oath under Section 1 of said chapter.

Cap. 378, sec. 1, "Of poor tort debtors" provides that whenever a person shall have been imprisoned for six months upon execution issued out of the Superior Court in an action of trespass he shall be entitled, as a poor tort debtor, to petition to take the poor debtor's oath.

*Held,* that where an action of trespass had been commenced to recover damages for death by wrongful act in driving a motor vehicle with force and violence against deceased and proceeded to judgment and defendant was committed on execution, defendant was not entitled under the provisions of sec. 1 as limited by sec. 10, cap. 377 to take the oath.

*(2)  Death by Wrongful Act.   Damages.*

In an action under the statute to recover for a death caused by wrongful act the damages are not those suffered by the relatives of deceased, although the amount recovered is to go to such relatives, but the damages are for and are measured by the loss to the estate of deceased resulting from the death.

*(3)  Death by Wrongful Act.   Trespass.*

Under the statute relating to death by wrongful act, the wrong to the estate may be considered as immediate and direct, warranting an action in trespass, if the wrongful act causing the death was immediate and direct.

PETITION for writ of prohibition.   Writ granted.

SWEETLAND, C. J.   The above entitled case is a petition praying for a writ of prohibition restraining the respondent as justice of the District Court of the Eighth Judicial District from proceeding upon the complaint of one Lorenzo Fontaine, wherein said Fontaine requests the privilege and benefit of the poor debtor's oath.

Immediately after hearing the petition, the court in a rescript granted the petitioner's prayer, and ordered a writ

of prohibition to issue, returnable forthwith, restraining the respondent in accordance with the prayer of the petition.

For the benefit of practice upon complaints requesting the benefit of the poor debtor's oath we now in this opinion more fully set out the reasons for the determination of the court.

The petitioner as husband and beneficiary of Agnes Read, deceased, in reliance upon the statute, commenced in the Superior Court an action of trespass against said Lorenzo Fontaine to recover damages for the death of Agnes Read, alleged to have been caused by the wrongful act of said Fontaine in driving a motor vehicle with great force and violence against Agnes Read, whereby she was severely injured and died on the same day. Upon trial of that cause verdict was rendered against Fontaine in the sum of $3,500. Judgment was entered upon the verdict, execution in arrest was issued against Fontaine, and he was committed to the Providence County Jail where he stood committed at the time of the filing of the petition before us. Upon his commitment Fontaine immediately complained to the respondent justice and requested the privilege and benefit of the poor debtor's oath to which he claimed he was entitled under the statute.

Section 1, Chapter 377, General Laws 1923, provides that "Any person who shall be imprisoned for debt, whether on original writ, mesne process, or execution," . . . "may request to be admitted to take the poor debtor's oath." In the early case of *Thompson* v. *Berry*, 5 R. I. 95, it was said that the term "debt" shall receive as liberal a construction as it will reasonably bear. In conformity with this principle of liberality in construction, it appears from the language of AMES, C. J., in *Re Payton*, 7 R. I. 153, that the notion and practice prevailed that whatever the cause of action, whether *ex contractu* or *ex delicto*, it was merged in the judgment, and that every person imprisoned upon execution in civil action was imprisoned for debt. To put a restriction upon that practice a section, now Section 10,

Chapter 377, General Laws 1923, was enacted designed to limit the operation of the first section in that regard.  Section 10 provides that a person committed on execution in any one of a number of forms of action therein specified, including "any trespass" except trespass and ejectment and trespass *quare clausum fregit* in which title to the close was in dispute, shall not be entitled to apply to take the oath under the provisions of Section 1 of the chapter.  Under the provisions of Section 1, Chapter 378, General Laws 1923, entitled "Of Poor Tort Debtors," whenever a person shall have been imprisoned for six months upon execution issued out of the Superior Court in an action of trespass he shall be entitled, as a poor tort debtor, to petition to take the poor debtor's oath.  Trespass on the case for negligence is not included in the actions, regarding which a person imprisoned upon execution shall not be entitled to apply to take the oath under the provisions of Section 1 of Chapter 377; and it was expressly held in *In re Application of Kimball,* 20 R. I. 688, that a petitioner imprisoned on execution in an action of trespass on the case for negligence might so apply.

At the hearing before us it was urged in behalf of the respondent and also of said Fontaine, that although in conformity with the statute it is noted in the margin of the execution upon which Fontaine was committed to jail that it was issued upon a judgment rendered in an action of trespass, and although the writ and declaration was in trespass, nevertheless as the cause of action arose from the consequential and not the direct result of Fontaine's wrongful act, the action against him should be treated as one in trespass on the case.  The respondent further contends that every action upon the "death by wrongful act" statute should be in case and not in trespass, for the reason that the recovery provided in that statute is for the damages to the relatives of the deceased for the indirect injury to them arising from the death.  Each of these contentions of the respondent is unsound.  In *Rosen* v. *Bliss,* 30 R. I. 555, it

was urged by a plaintiff in an execution upon which the defendant stood committed to jail that the defendant should not be permitted to apply for the oath until after he had been imprisoned in jail for six months for the reasons that although the writ had been sued out in an action of trespass on the case the cause of action was really for a trespass and the action should be treated as one in trespass. The court held that the plaintiff had sued out his writ, drawn his declaration and taken his judgment in case, and he could not be allowed, after judgment and execution, to claim that the action should be treated as trespass, for the purpose of preventing the defendant's release from jail. Upon a parity of reasoning it might well be held in this case, that the defendant after permitting himself, without objection, to be sued in trespass and to let judgment be entered against him in that form of action, could not now be heard to urge that he was being held in jail not on an execution in trespass but in trespass on the case. We think, however, that the argument of the respondent and Fontaine is based upon an erroneous premise. In an action under the Rhode Island statute to recover for a death caused by wrongful act the damages are not, as the respondent claims, those suffered by the relatives of the deceased, although the amount recovered is to go to such relatives, in the proportion prescribed by the statute. The damages are for, and are measured by, the loss to the estate of the deceased resulting from the death. *McCabe* v. *Narragansett Electric Lighting Co.*, 27 R. I. 272.

It has been held by this court that the wrong to the estate may be considered as immediate and direct, warranting an action in trespass, if the wrongful act causing the death was immediate and direct. *Wells* v. *Knight*, 32 R. I. 432. In the action under consideration here the judgment and the execution was in trespass. The defendant in that action, Fontaine, was not entitled under the provisions of Section 1 of the poor debtor's act, as the scope of that section has been limited by Section 10, to apply to be admitted to take

the poor debtor's oath.    The respondent justice was without
jurisdiction, and should be restrained by writ of prohibition.

   *Martin F. McGuire*, for petitioner.
   *William S. Flynn*, for respondent.